## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

**DOROTHY JANET GUERRO,**

      **Plaintiff,**

**v.**                                                                      **No. 13-cv-0322 SMV**

**CAROLYN W. COLVIN,**
**Acting Commissioner of Social Security Administration,**

      **Defendant.**

## <u>MEMORANDUM OPINION AND ORDER</u>

THIS MATTER is before the Court on Plaintiff's Motion to Reverse and Remand for Rehearing, with Supporting Memorandum [Doc. 16] ("Motion"), filed on December 20, 2013. The Commissioner responded on February 18, 2014. [Doc. 17]. Plaintiff replied on March 3, 2014. [Doc. 18]. On December 19, 2014, the case was reassigned to me when the previous judge retired. [Doc. 20]. The parties have consented to the undersigned's entering final judgment in this case. [Doc. 23]. Having meticulously reviewed the entire record and being fully advised in the premises, the Court finds that the Administrative Law Judge ("ALJ") failed to give good reasons—supported by substantial evidence— for rejecting the opinion of treating physician, Absalom Gutierrez, M.D. Because this error may necessarily affect the residual functional capacity ("RFC") assessment and, thus, Plaintiff's other alleged errors, the Court declines to address those errors at this time. Therefore, the Motion will be granted, and the case will be remanded for further proceedings consistent with this opinion. *See* 42 U.S.C. § 405(g) (sentence four).

## Standard of Review

The standard of review in a Social Security appeal is whether the Commissioner's final decision[1] is supported by substantial evidence and whether the correct legal standards were applied. *Maes v. Astrue*, 522 F.3d 1093, 1096 (10th Cir. 2008). If substantial evidence supports the Commissioner's findings and the correct legal standards were applied, the Commissioner's decision stands and the plaintiff is not entitled to relief. *Langley v. Barnhart*, 373 F.3d 1116, 1118 (10th Cir. 2004). "The failure to apply the correct legal standard or to provide this court with a sufficient basis to determine that appropriate legal principles have been followed is grounds for reversal." *Jensen v. Barnhart*, 436 F.3d 1163, 1165 (10th Cir. 2005) (internal quotation marks omitted). Courts must meticulously review the entire record but may neither reweigh the evidence nor substitute their judgment for that of the Commissioner. *Flaherty v. Astrue*, 515 F.3d 1067, 1070 (10th Cir. 2007).

"Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Langley*, 373 F.3d at 1118. The decision "is not based on substantial evidence if it is overwhelmed by other evidence in the record or if there is a mere scintilla of evidence supporting it." *Id.* While a court may not reweigh the evidence or try the issues de novo, its examination of the record as a whole must include "anything that may undercut or detract from the [Commissioner]'s findings in order to determine if the substantiality test has been met." *Grogan v. Barnhart*, 399 F.3d 1257, 1262 (10th Cir. 2005).

---

[1] A court's review is limited to the Commissioner's final decision, 42 U.S.C. § 405(g), which generally is the ALJ's decision, 20 C.F.R. §§ 404.981, 416.1481. This case fits the general framework, and therefore, the Court reviews the ALJ's decision as the Commissioner's final decision.

"The possibility of drawing two inconsistent conclusions from the evidence does not prevent [the] findings from being supported by substantial evidence."  *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007) (quoting *Zoltanski v. FAA*, 372 F.3d 1195, 1200 (10th Cir. 2004)).

## Applicable Law and Sequential Evaluation Process

In order to qualify for disability benefits, a claimant must establish that she is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months."  42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A); 20 C.F.R. §§ 405.1505(a), 416.905(a).

When considering a disability application, the Commissioner is required to use a five-step sequential evaluation process.  20 C.F.R. §§ 404.1520, 416.920; *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987).  At the first four steps of the evaluation process, the claimant must show: (1) she is not engaged in "substantial gainful activity;" *and* (2) she has a "severe medically determinable . . . impairment . . . or a combination of impairments" that has lasted or is expected to last for at least one year; *and* (3) her impairment(s) either meet or equal one of the Listings[2] of presumptively disabling impairments; *or* (4) she is unable to perform her "past relevant work."  20 C.F.R. §§ 404.1520(a)(4)(i–iv), 416.920(a)(4)(i–iv); *Grogan*, 399 F.3d at 1261.  If she cannot show that her impairment meets or equals a Listing, but she proves that she is unable to perform her "past relevant work," the burden of proof then shifts to the Commissioner, at

---

[2] 20 C.F.R. pt. 404, subpt. P, app. 1.

3

step five, to show that the claimant is able to perform other work in the national economy, considering her RFC, age, education, and work experience. *Grogan*, 399 F.3d at 1261.

## Procedural Background

Plaintiff applied for a period of disability, disability insurance benefits, and supplemental security income on April 16, 2009. Tr. 11. She alleged a disability-onset date of April 15, 2009. *Id.* Her claims were denied initially and on reconsideration. *Id.* Plaintiff requested a hearing before an ALJ. *Id.* ALJ Barry O'Melinn held a hearing on October 13, 2011, in Albuquerque, New Mexico. *Id.* Plaintiff appeared in person with her attorney, Michael Armstrong. *Id.* The ALJ heard testimony from Plaintiff and an impartial vocational expert, Pamela Bowman, who appeared by telephone. Tr. 11, 68−70.

The ALJ issued his unfavorable decision on January 27, 2012. Tr. 11–19. At step one, he found that Plaintiff had not engaged in substantial gainful activity since the alleged onset date. Tr. 13. Because Plaintiff had not engaged in substantial gainful activity for at least 12 months, the ALJ proceeded to step two. *Id.* There, he found that Plaintiff suffered from the following severe impairments: "diabetes mellitus, hypertension, obesity, neuropathy, myalgias, hyperlipidemia[,] and back pain[.]" Tr. 13–16. At step three, the ALJ found that none of Plaintiff's impairments, alone or in combination, met or medically equaled a Listing. Tr. 16.

Because none of Plaintiff's impairments met a Listing, the ALJ went on to assess Plaintiff's RFC. Tr. 16–18. The ALJ found that Plaintiff has the RFC "to perform the full range of light work as defined in 20 [C.F.R. §§] 404-1567(b) and 416.967(b)." Tr. 16. At step four, the ALJ found that Plaintiff "was capable of performing past relevant work as a

4

teacher's aide." Tr. 19.  Alternatively, at step five, the ALJ applied the Medical-Vocational Rules ("Grid Rules"),[3] which—based on Plaintiff's RFC, age, education, and work experience—directed a finding of not disabled. Tr. 19.  Ultimately, the ALJ found that Plaintiff had not been under a disability, as defined by the Act, during the relevant time period, and he denied the claims.  *Id.*  The Appeals Council denied Plaintiff's request for review on February 1, 2013. Tr. 1−3.  Plaintiff timely filed the instant action on April 5, 2013.  [Doc. 1].

## Analysis

Although the ALJ gave several reasons for rejecting the treating opinion of Dr. Gutierrez, only one reason is supported by substantial evidence.  That reason alone does not suffice to reject the opinion entirely.   Accordingly, remand is required to allow proper evaluation and weighing of Dr. Gutierrez's opinion.  Because the RFC assessment may be changed on remand to address this error, the Court declines at this time to review Plaintiff's other alleged errors.

A.  The ALJ failed to give good reasons for rejecting Dr. Gutierrez's opinion.

Plaintiff contends that the ALJ erred in evaluating Dr. Gutierrez's opinion.  [Doc. 16] at 14–18.   The Commissioner disagrees and argues that the ALJ properly rejected Dr. Gutierrez's opinion.  [Doc. 17] at 3–6.  Plaintiff is correct, and remand is warranted.

Social Security regulations require that, in determining disability, the opinions of treating physicians be given controlling weight when those opinions are well-supported by the medical evidence and are consistent with the record.   20 C.F.R. §§ 404.1527(c)(2);

---

[3] *See* 20 C.F.R. § 404, subpt. P, app. 2.

416.927(c)(2).  This is known as the "treating physician rule."  *Langley*, 373 F.3d at 1119.  The idea is that a treating physician provides a "unique perspective to the medical evidence that cannot be obtained from the objective medical findings alone or from reports of individual examinations, such as consultative examinations," and therefore, a treating physician's opinion merits controlling weight.  *Doyal v. Barnhart*, 331 F.3d 758, 762 (10th Cir. 2003).

Treating physician opinions—in order to receive controlling weight—must be both supported by medical evidence and consistent with the record.  If not, the opinions may not merit controlling weight but still must be given deference and must be weighed using the following six factors:

> (1) the length of the treatment relationship and the frequency of examination; (2) the nature and extent of the treatment relationship, including the treatment provided and the kind of examination or testing performed; (3) the degree to which the physician's opinion is supported by relevant evidence; (4) consistency between the opinion and the record as a whole; (5) whether or not the physician is a specialist in the area upon which an opinion is rendered; and (6) other factors brought to the ALJ's attention which tend to support or contradict the opinion.

*Watkins v. Barnhart*, 350 F.3d 1297, 1301 (10th Cir. 2003); *see* 20 C.F.R. §§ 404.1527(c), 416.927(c).  However, not every factor is applicable in every case, nor should all six factors be seen as absolutely necessary.  What is absolutely necessary, though, is that the ALJ give good reasons—reasons that are "sufficiently specific to [be] clear to any subsequent reviewers"—for the weight that she ultimately assigns to the opinions.  *Langley*, 373 F.3d at 1119; *see* 20 C.F.R. §§ 404.1527(c)(2), 416.927(c)(2); *Branum v. Barnhart*, 385 F.3d 1268, 1275 (10th Cir. 2004).

6

In sum, when properly rejecting a treating physician's opinion, an ALJ must follow two phases.  First, the ALJ must find that the opinion is not supported by medical evidence and/or is not consistent with the record.  Second, the ALJ must still give deference to the opinion and weigh it according to the factors listed above.  Like all findings, an ALJ's findings in these two phases must be supported by substantial evidence.

Here, the ALJ rejected the opinion of treating physician, Absalon Gutierrez, M.D. Tr. 18.  He explained that Dr. Gutierrez "submitted no treatment records or progress notes to support his conclusions;" "there is no clinical or diagnostic testing to support a diagnosis of cognitive impairment[;] and the consulting psychiatric examiner specifically stated that [Plaintiff]'s overall daily functioning was inconsistent with a diagnosis of a cognitive impairment." Tr. 18.  Lastly, the ALJ questioned the value of Dr. Gutierrez's opinion because it relies on Plaintiff's self-reporting, which the ALJ did not find credible.  Tr. 17.

Plaintiff challenges all of the ALJ's reasons for rejecting the opinion of the treating physician.  [Doc, 16] at 17.  The Court agrees that the reasons are not sufficient, and remand is warranted.

First, the ALJ found that Dr. Gutierrez had not submitted any treatment records or progress notes to support his opinion.  Tr. 18.  However, this finding is not supported by substantial evidence.  As Plaintiff points out, the record contains numerous treatment records and progress notes from Dr. Gutierrez and his colleagues on Plaintiff's treatment team at the Alamo Navajo Health Center.  *See* Tr. 279–300, 319–29, 339–44, 360–435, 708–10, 716–22. The Commissioner does not argue otherwise.  *See* [Doc. 17] at 3–6.  Instead, the Commissioner

argues that Dr. Lev's report evidences that Dr. Gutierrez's opinion is "unsupported." [Doc. 17] at 5. She explains that Dr. Lev opined that Plaintiff could lift 20 pounds with no other physical restrictions, had no mental impairment, and self-reported no mental restrictions. *Id.* Of course, Dr. Lev's opinion may be inconsistent with Dr. Gutierrez's opinion, but it does not in any way support the ALJ's finding that Dr. Gutierrez "submitted no treatment records or progress notes to support his conclusions." Tr. 18. That finding is not supported by any evidence.

Next, the ALJ rejected Dr. Gutierrez's opinion because "there [was] *no* clinical or diagnostic testing to support a diagnosis of cognitive impairment." Tr. 18 (emphasis added). This finding is not supported by substantial evidence. First, although Dr. Lev performed no intelligence testing and made no diagnosis of cognitive impairment, he did estimate Plaintiff's intelligence to be in the "Borderline range." Tr. 336. More to the point, Dr. Simpson did, in fact, diagnose Plaintiff with "Borderline Intellectual Range [Functioning]" based on the results of the Wechsler Adult Intelligence Scale—IV test. Tr. 725–26. The Court is cognizant that Dr. Simpson's report went on to suggest that Plaintiff's test results did "not appear to reflect her true abilities." Tr. 726. Dr. Simpson explained that Plaintiff's past work managing a canteen at a school would not usually be possible for someone scoring in the borderline range. *Id.* Of course, it is not the role of this Court to re-weigh the evidence. Accordingly, my finding should not suggest what weight, if any, should be afforded to Dr. Gutierrez's opinion or to Dr. Simpson's opinion regarding any cognitive impairment. Instead, the Court looks to see if there is substantial support—more than a mere scintilla—in the record for the ALJ's findings. The ALJ found that there was *no* diagnostic testing to support a diagnosis of cognitive

8

impairment.  That finding is not supported by substantial evidence because Dr. Simpson's diagnostic testing—and perhaps even Dr. Lev's opinion—could support the diagnosis of cognitive impairment.

Third, the ALJ rejected Dr. Gutierrez's opinion because "the consulting psychiatric examiner specifically stated that [Plaintiff]'s overall daily functioning was inconsistent with a diagnosis of a cognitive impairment."  Tr. 18.  This finding is not supported by substantial evidence because no record reflects such an opinion or statement.  Of course, the ALJ may have intended to refer to Dr. Simpson's qualifications about Plaintiff's diagnosis of borderline intellectual range.  However, Dr. Simpson did not say that Plaintiff's overall daily functioning was inconsistent with a cognitive impairment.[4]  *See* Tr. 725–28.  Rather, his opinion more narrowly addressed Plaintiff's employment history only.  He explained, "Individuals who test in the borderline range would not likely be able to manage a restaurant that would require managing money, ordering food, complying with state laws and food codes, making schedules, etc.  Usually those who test in the borderline range would likely have a job that is more entry level."  Tr. 728.  To be sure, the ALJ could have properly relied on Dr. Simpson's statements, but he did not.  Rather, he relied on a statement that is not found in the record and that is materially different from the statements that are found in the record.  Accordingly, the ALJ's finding that "the consulting psychiatric examiner specifically stated that [Plaintiff]'s overall daily functioning was inconsistent with a diagnosis of a cognitive impairment," Tr. 18, is not

---

[4] No such statement is found in the reports from Dr. Lev or Dr. Chiang either.  *See* Tr. 334–37, 346–59.

supported by substantial evidence and was improperly relied on to reject the treating physician's opinion.

That leaves the ALJ's final reason for rejecting Dr. Gutierrez's opinion. Plaintiff's inability, at the hearing in 2011, to recall collecting unemployment benefits in 2009, "call[ed] into question the value of the opinions from her medical providers, as they inherently rely upon [Plaintiff]'s dubious accounts." Tr. 17(ALJ's finding); *see* Tr. 58–59 (testimony regarding the unemployment benefits). This finding is supported by substantial evidence as found in Plaintiff's testimony that she could not recall applying for or receiving unemployment benefits in 2009. Tr. 58–59. The ALJ's ultimate rejection of Dr. Gutierrez's opinion is not sustainable on this finding alone, however.

Here, the ALJ's decision contains no finding (supported by substantial evidence) that Dr. Gutierrez's opinion was unsupported by medical evidence and/or inconsistent with the record. The absence of such supported findings runs afoul of the treating physician rule and warrants remand. The ALJ's finding that Dr. Gutierrez's opinion was questionable because it relied on Plaintiff's "dubious accounts" does correspond to the sixth *Watkins* factor. However, this one finding alone does not pass muster.

Finally, the Commissioner refers to portions of the record that she believes are inconsistent with Dr. Gutierrez's opinion and, thus, support the ALJ's rejection of the treating opinion. [Doc. 17] at 5–6. However, ALJ O'Melinn did not himself find that Dr. Gutierrez's opinion was inconsistent with the record. *See* Tr. 17–18. Reviewing courts may only evaluate an ALJ's decision—based solely on the reasons stated in the decision—and may not supply[]

10

possible reasons for an ALJ's decision after the fact. *Robinson v. Barnhart*, 366 F.3d 1078, 1084 (10th Cir. 2004). A court may not make a post hoc effort to salvage [an] ALJ's decision, because such an effort would thrust the court beyond its proper role of judicial review and into the exclusive domain of the administrative agency. *Id.* at 1084–85. This Court, therefore, may only consider the reasons provided by the ALJ himself and may not consider the post hoc support offered by the Commissioner. Here, the ALJ failed to give good reasons—supported by substantial evidence—for rejecting Dr. Gutierrez's treating opinion, and the Commissioner's impermissible post hoc explanations cannot remedy the error.

<u>Conclusion</u>

Remand is required for proper evaluation of Dr. Gutierrez's opinion. Because the RFC assessment may be changed on remand to address this error, the Court declines to address Plaintiff's other alleged errors at this time.

**IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED** that Plaintiff's Motion to Reverse and Remand for Rehearing, with Supporting Memorandum [Doc. 16] is **GRANTED**.

**IT IS FURTHER ORDERED** that the Commissioner's final decision is **REVERSED**, and this case is **REMANDED** for further proceedings in accordance with this opinion.

**IT IS SO ORDERED.**

_____
**STEPHAN M. VIDMAR**
**United States Magistrate Judge**
**Presiding by Consent**

11